IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TYLER LEE SHEA (03),

                Defendant.

Case No. 16-40053-03-DDC

**MEMORANDUM AND ORDER**

Defendant Tyler Lee Shea, proceeding pro se,[1] asks the court to reduce his sentence for a variety of reasons and asks the court to appoint him counsel. The court declines to do so. The court explains its decisions, below.

**I.    Background**

In March 2017, Mr. Shea pleaded guilty to (1) conspiracy to possess with intent to distribute methamphetamine, violating 21 U.S.C. § 846 and (2) possession of a firearm in furtherance of a drug trafficking offense, violating 18 U.S.C. § 924(c). Doc. 70 at 2 (Plea Agreement). Based on Mr. Shea's prior convictions, the Presentence Investigation Report (PSR) calculated a criminal-history score of 10. Doc. 92 at 23 (PSR ¶ 96). The PSR added two criminal-history points because Mr. Shea committed these offenses while under a criminal-justice sentence in a prior state case. *Id.* at 24 (PSR ¶ 97). In total, the PSR calculated a

---

[1]    People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

criminal-history score of 12, which correlated to a criminal-history category of V. *Id.* (PSR ¶ 98).

The PSR also calculated an offense level of 31. With an offense level of 31 and a criminal-history category of V, Mr. Shea's Guidelines range was 168 to 210 months. *Id.* at 30 (PSR ¶ 147). The court imposed the 180-month sentence proposed in the Mr. Shea's plea agreement—120 months for the methamphetamine charge and 60 months for the firearm charge. Doc. 70 at 4 (Plea Agreement); Doc. 97 at 2 (Judgment). Mr. Shea's projected release date is April 10, 2032. *See* Tyler Lee Shea (Reg. No. 28219-031), https://www.bop.gov/inmateloc/ (last visited Nov. 13, 2025).

Mr. Shea now has filed several motions, each seeking a reduced sentence. Doc. 109; Doc. 115; Doc. 118. The court recites the legal standard governing these motions, next.

## II.  Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed; but the rule of finality is subject to a few narrow exceptions.'" *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Compassionate release under 18 U.S.C. § 3582(c)(1) is one of those exceptions. *Id.* When it passed the First Step Act in 2018, Congress amended § 3582(c)(1) to allow a defendant, not just the Bureau of Prisons, to move for a sentence reduction—but only "after the defendant has fully exhausted all administrative rights" with BOP. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eccleston*, 543 F. Supp. 3d 1092, 1125 (D.N.M. June 10, 2021) (recounting history of First Step Act). Exhaustion aside, the court may grant a defendant's motion for compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable

policy statements issued by the Sentencing Commission"; and (3) the 18 U.S.C. § 3553(a) factors favor a reduced sentence. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Another exception to the rule of finality is 18 U.S.C. § 3582(c)(2), which "authorizes a district court to reduce a sentence 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Shea's motions invoke both compassionate release under § 3582(c)(1) and a reduced sentencing range under § 3582(c)(2). The court evaluates these requests, next.

### III.     Analysis

The court's analysis begins with Mr. Shea's compassionate-release requests. The court then evaluates whether a Guidelines amendment—Amendment 821—reduces Mr. Shea's sentence. It concludes with Mr. Shea's request that the court appoint him counsel.

#### A.     Compassionate Release

The court need only consider one piece of the compassionate-release analysis: extraordinary and compelling reasons. Mr. Shea alleges that several extraordinary and compelling reasons warrant compassionate release:

- Prison staff put Mr. Shea in restraints and beat him. Doc. 109 at 5.

- Mr. Shea's § 924(c) charge has rendered him ineligible for First Step Act time credits. *Id.*

- Mr. Shea received an unusually long sentence, Doc. 118 at 5, and if sentenced today would benefit from a youthful offender amendment to the Guidelines, *id.* at 9.

- Mr. Shea's youth at the time of his offense. *See generally* Doc. 121.

The court considers and rejects each ground, in turn, below.

##### 1.     Treatment in Custody

3

Mr. Shea argues that his treatment while in BOP custody qualifies as an extraordinary and compelling reason for his release. Generally, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). This general rule aside, the Sentencing Commission has issued a policy statement that provides an extraordinary and compelling reasons category for defendants who were victims of sexual abuse or physical abuse while in BOP custody. U.S.S.G. § 1B1.13(b)(4). The policy statement requires that "the misconduct . . . be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

Mr. Shea has not made this threshold showing. The court thus declines to grant Mr. Shea compassionate release on this basis.

### 2. First Step Act Time Credits

The court construes Mr. Shea's filing to assert that he's entitled to a sentence reduction because he's not eligible for First Step Act time credits. Doc. 109 at 5. Yet, as the government points out, Congress explicitly provided that defendants with § 924(c) convictions are ineligible for time credits. Doc. 113 at 3 (citing 18 U.S.C. § 3632(d)(4)(D)(xxii)). The court can't overrule Congress's policy decision on this issue.

And, in any event, a challenge to time credits does not qualify as an extraordinary and compelling circumstance. *See United States v. Torres-Campaz*, No. 16-cr-457-T-27CPT, 2021 WL 2580671, at *1 (M.D. Fla. June 23, 2021) ("[Defendant's] challenges to his sentence and purported inability to obtain good time credits do not constitute extraordinary and compelling circumstances."); *United States v. Galdieri*, No. 19-CR-757-2 (JMF), 2022 WL 2118539, at *1 (S.D.N.Y. June 13, 2022) (concluding defendant had failed to present extraordinary and

4

compelling reasons based on BOP's alleged failure to "properly calculate[ ] Galdieri's good-time credits" because "he has other remedies[.]"); *see also Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997) ("[T]he sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus[.]").

### 3. Unusually Long Sentence

Mr. Shea next argues that his unusually long sentence qualifies as an extraordinary and compelling reason for a sentence reduction. Doc. 118 at 5. The court must reject this argument for a procedural reason: Mr. Shea has failed to demonstrate that he exhausted his administrative remedies with BOP as required by 18 U.S.C. § 3582(c)(1)(A).[2] He merely asserts that he "has satisfied the 30 day rule." Doc. 121 at 1. This conclusory assertion alone can't carry Mr. Shea's burden to demonstrate exhaustion. *See United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *7 (10th Cir. Mar. 28, 2022) ("[E]xhaustion is required by statute, 18 U.S.C. § 3582(c)(1)(A), and a litigant's pro se status does not relieve him of the burden of exhaustion."). Even if Mr. Shea had exhausted his remedies on this issue, the court still would reject it on the merits. *See United States v. Fillman*, No. 06-10218-JWB, 2025 WL 1918570, at *3 (D. Kan. July 11, 2025) (considering unexhausted extraordinary and compelling reasons for compassionate release "to avoid the waste of resources that would likely flow from Defendant refiling his motion for compassionate release with the required documentation or otherwise seeking reconsideration by providing the necessary documents").

The Sentencing Commission's policy statement imagines that an unusually long sentence, in some cases, will qualify as an extraordinary and compelling reason for

---

[2]   Because exhaustion is a claims-processing rule, it's up to the government to invoke a defendant's failure to exhaust. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). The government has done so for Mr. Shea's arguments about his unusually long sentence and his youth, Doc. 120 at 4–5, but it did not invoke exhaustion against Mr. Shea's other arguments, *see generally* Doc. 113.

compassionate release. But this case isn't one of those cases. The policy statement requires that the defendant "has served at least 10 years of the term of imprisonment[.]" U.S.S.G. § 1B1.13(b)(6). As the government points out, Mr. Shea hasn't served 10 years of his sentence yet. Doc. 120 at 10–11. The court also agrees with the government that the 180-month sentence that Mr. Shea bargained for doesn't qualify as an unusually long sentence. The court thus concludes that the length of Mr. Shea's sentence isn't an extraordinary and compelling reason.

### 4.     Youth

Mr. Shea asserts that extraordinary and compelling reasons exist for compassionate release because he "was a mere 17 years old when the criminal conduct as to the instant offense occurred." Doc. 121 at 1. He thus asserts that his "brain had not completely formed" and so "he was extremely impressionable[.]" *Id.* at 2. Mr. Shea also emphasizes that he "has never lived a day of his adult life outside of confinement and incarceration." *Id.*

As the government points out, Mr. Shea didn't exhaust this argument, so the court must dismiss this part of Mr. Shea's motion. *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) (holding § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and "[l]ike dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice"). And—even if Mr. Shea had exhausted this argument—the court would reject it.

Starting with a correction: Mr. Shea tries to establish he was a minor at the time of the offense. Doc. 121 at 1. That's wrong. Mr. Shea was born on January 13, 1996, Doc. 92 at 3 (PSR), and the Indictment charges a methamphetamine conspiracy starting in February 2016, Doc. 1 at 1–2 (Indictment).

That correction aside, the court acknowledges that attitudes toward youthful offenders have changed over time. For example, our court has granted compassionate release in cases

where a young defendant received a life sentence back when the Guidelines were mandatory, and youth didn't qualify as a ground for departure. *See, e.g.*, *United States v. Kayarath*, No. 94-10123-02-JWB, 2024 WL 914059, at *3 (D. Kan. Mar. 4, 2024) (granting compassionate release motion where defendant committed crimes at age 18 and then-mandatory Guidelines required life sentence because, though Guideline range today would be life, the Guidelines now are discretionary and courts now can consider defendant's youth and background); *United States v. Mendez-Zamora*, No. 00-CR-20066-JAR-5, 2022 WL 9333452, at *1 (D. Kan. Oct. 14, 2022) (granting unopposed compassionate release motion and emphasizing defendant's youth where defendant got involved in conspiracy at age 18, his then-mandatory Guideline range was life, and Guidelines didn't allow for departure based on youth).

Here, however, none of those concerns exist. The court thus concludes that Mr. Shea's youth at the time of the offense doesn't present an extraordinary and compelling reason for a reduced sentence.

With its analysis of Mr. Shea's final ground for compassionate release complete, the court concludes his arguments are unavailing. It thus dismisses in part and denies in part Mr. Shea's requests for relief premised on § 3582(c)(1). The court moves to his second ground for a reduced sentence: Amendment 821.

### B.     Amendment 821

Mr. Shea argues that Amendment 821 should apply to this sentence and the court can modify his sentence under 18 U.S.C. § 3582(c)(2). Doc. 109 at 5; Doc. 115. Section 3582(c)(2) allows the court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" "Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder." *United States v.*

7

*C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (emphases omitted). The court need only consider the first hurdle here: "under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing. If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed." *Id.* Mr. Shea fails to clear this first hurdle because Amendment 821 doesn't lower his Guideline range.

Amendment 821, Part A lowered the criminal-history points a defendant receives if he committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." United States Sentencing Commission, *Amendment 821,* https://www.ussc.gov/guidelines/amendment/821 (last visited Nov. 19, 2025). The Guidelines previously added two criminal-history "points if the defendant committed the instant offense while under any criminal justice sentence[.]" U.S.S.G. § 4A1.1(d) (2021). Following Amendment 821, the Guidelines now add just one criminal-history point if the defendant committed the offense while under a criminal-justice sentence—and only if the defendant received seven or more criminal-history points. U.S.S.G. § 4A1.1(e) (2025).

Here, Mr. Shea received ten criminal-history points. Doc. 92 at 23 (PSR ¶ 96). And he committed the offense while under a criminal-justice sentence. So, the PSR added two criminal-history points—for a total of 12. *Id.* at 24 (PSR ¶ 97). Under the new Guidelines, Mr. Shea would receive just one criminal-history point for committing the offense while under a criminal-justice sentence—for a total of 11. U.S.S.G. § 4A1.1(e) (2025).

But that reduction doesn't lower his Guideline range. That's so because Mr. Shea falls under criminal-history category V, which applies when a defendant has 10–12 criminal-history points. U.S.S.G. ch. 5 pt. A (sentencing table). Put differently, category V views 11 points the

8

same way it views 12 points. So, Amendment 821 doesn't change Mr. Shea's Guideline range.[3] The court thus lacks jurisdiction over this part of Mr. Shea's motion and dismisses it. *C.D.*, 848 F.3d at 1289.

### C. Motion to Appoint Counsel

Mr. Shea asks the court to appoint him counsel to litigate his compassionate-release and Amendment 821 requests. Doc. 109 at 6. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Our court appointed the Office of the Federal Public Defender to help eligible defendants seek relief under Amendment 821. *See* D. Kan. S.O. 23-03. The Federal Public Defender has declined to enter an appearance on Mr. Shea's behalf. Doc. 117 at 1. And besides, Mr. Shea has capably presented his arguments himself. The court thus denies Mr. Shea's request.

## IV. Conclusion

The court dismisses in part and denies in part Mr. Shea's Motion for Compassionate Release (Doc. 109). It dismisses Mr. Shea's Motion to Reduce Sentence (Doc. 115). It also dismisses Mr. Shea's Motion for Release from Custody (Doc. 118). And it denies his request for counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Shea's Motion for Compassionate Release (Doc. 109) is dismissed in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mr. Shea's Motion to Reduce Sentence (Doc. 115) is dismissed.

**IT IS FURTHER ORDERED THAT** Mr. Shea's Motion for Release from Custody (Doc. 118) is dismissed.

---

[3] Amendment 821 also has a Part B, but it applies only to zero-point offenders. It's not relevant here. U.S.S.G. § 4C1.1

**IT IS SO ORDERED.**

**Dated this 25th day of November, 2025, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**